UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MARK ATHY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:26-CV-28-HAI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| FRANK BISIGNANO, | ) | **ORDER** |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Claimant Mark Athy seeks review of the Social Security Administration's (the "SSA") denial of his request for disability benefits beginning on May 18, 2020. D.E. 12-1 at 1.[1] Athy initially filed a Title II application for disability and disability insurance on January 31, 2022. D.E. 12-1 at 1. Administrative Law Judge ("ALJ") Maria Hodges denied his application on July 13, 2023. D.E. 9-3 at 41-55. Athy then filed a request for review with the Appeals Council, which remanded the case to the ALJ on September 26, 2023 with instructions for reconsideration of Athy's RFC and the vocational evidence. D.E. 9-3 at 62-63. On May 9, 2024, after conducting a second hearing with a Vocational Expert ("VE"), the ALJ again denied Athy's application. D.E. 9-2 at 17-29. After the Appeals Council denied Athy's second appeal, Athy sought judicial review. D.E. 1. The Commissioner filed an answer on June 10, 2026. D.E. 9. Plaintiff filed his opening brief on August 7, 2025. D.E. 12. The Commissioner filed a responsive brief on September 4, to which Plaintiff replied on September 14. D.E. 14; D.E. 15. Thus, the matter is ripe for adjudication.

---

[1] Pinpoint citations herein are to the blue page numbers generated by CM/ECF.

The Court has jurisdiction to hear Athy's challenge under 42 U.S.C. § 405(g). Both parties consented to the referral of this matter to a magistrate judge. D.E. 18. Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* D.E. 17. The Court, having reviewed the record and for the reasons stated herein, **DENIES** Plaintiff's request to remand these proceedings.

## I.    The ALJ's Decision

Under 20 C.F.R. §§ 404.1520, 416.920, an ALJ conducts a five-step analysis to evaluate a disability claim. The ALJ followed these procedures in this case. *See* D.E. 9-2 at 17-29.

At the first step, the ALJ must determine whether the claimant is currently engaged in a substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Here, the ALJ found that Athy had not been engaged in a substantial gainful activity since December 24, 2021, the first date of adjudication. D.E. 9-2 at 20.

At the second step, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment that meets the [Social Security Act's] duration requirement . . . or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii). The ALJ found that Athy had the following severe impairments: osteoarthritis, degenerative disc disease with radiculopathy, obesity, and depression. D.E. 9-2 at 20.

At the third step, the ALJ must determine whether the claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the claimant is found to be disabled. 20 C.F.R. § 404.1520(d). Here, the ALJ found Athy to have no such impairment. D.E. 9-2 at 20-22.

2

When a claimant is not found disabled at the third step, the ALJ proceeds to the fourth step. At the fourth step, the ALJ must determine the claimant's past relevant work history and Residual Functional Capacity ("RFC"), which is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 404.1520(a)(4)(iv). Here, the ALJ determined that Athy had

> the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except stand and/or walk four hours total in an eight-hour workday, 30 minutes at a time; sit six hours total in an eight-hour workday, 30 minutes at a time and then would need to stand for five minutes before returning to sitting but could stay on task; occasionally climb ramps and stairs, stoop, kneel, crouch, and balance as defined by the SCO of the DOT; never climb ladders, ropes, or scaffolds, or crawl; no pushing and/or pulling with the lower extremities; no operation of foot controls; frequently handle with both arms; never reach overhead and frequently reach in all other directions with the right arm; avoid concentrated exposure to extreme cold, vibration, and hazards of moving machinery and unprotected heights; and can understand, remember, and carry out simple instructions, with only occasional changes in the work setting.

D.E. 9-2 at 22. The ALJ further determined that Athy was unable to perform his past relevant work as a school bus driver, mine surveyor, tree cutter, shuttle car operator, or material handler. *Id*. at 27.

Thus, the ALJ proceeded to step five of the analysis. At step five, the ALJ must determine if a claimant can adjust to other work given the claimant's RFC, age, education, and experience. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ must determine whether such jobs exist in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(1). The claimant is not disabled if the SSA establishes such jobs exist. *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999). Here, the ALJ found that Athy could work in a number of positions, including cashier II and office helper. D.E. 9-2 at 28-29.

Athy contests the ALJ's decision on two grounds. First, he argues that the ALJ's Step 5 decision is unsupported by substantial evidence due to an internally inconsistent RFC and

3

conflicting Vocational Expert ("VE") testimony. D.E. 12-1 at 4-5. Second, Plaintiff argues that the ALJ "erred in making an independent vocational determination regarding the claimant's ability to remain on-task despite the need for frequent positional changes." *Id.* at 6-7

## II.    Standards of Review

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Federal courts may remand the Commissioner's decision on the basis that the ALJ failed to follow a procedural rule, as "it is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, (6th Cir. 2004). "'[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Generally, administrative procedural mistakes are reviewed for harmless error. *Rabbers*, 582 F.3d at 654.

### III.     Inconsistency between RFC, VE Testimony, and SSA Rulings/Case Law

Considering the alleged inconsistencies in the RFC related to Athy's ability to stand/walk, Athy first contends that the ALJ's Step Five determination is unsupported by substantial evidence because it fails to rectify the errors identified by the Appeals Council.  D.E. 12-1 at 4  Second, Athy claims that the ALJ failed to include a function-by-function analysis in the RFC, therefore invalidating the VE's testimony on available jobs in the national economy.  *Id.* at 4-5.  Both contentions are meritless as they are factually contradicted by the record and unsupported by legal authority.

### A.     Compliance with the Appeals Council's Order for Remand

Plaintiff first argues that the ALJ failed to comply with the Appeals Council's order for remand and that the post-remand Step 5 determination is unsupported by substantial evidence. Initially, prior to the Council's remand, the ALJ found that Athy could perform sedentary work but could stand or walk for four hours in an eight-hour workday.  D.E. 9-3 at 48-49.  However, pursuant to Social Security Ruling 83-12, the sedentary exertional level applies to individuals who can stand or walk no more than two hours of an eight-hour workday.

When questioned at the first hearing, although the ALJ accurately described the RFC, the VE only gave examples of sedentary-level positions.  D.E. 9-2 at 532-34.  The Appeals Council determined that, given Athy's ability to stand or walk for more than two hours in an eight-hour workday, the "sedentary work" categorization alone did not fully encapsulate Athy's maximum functional capacity.  D.E. 9-3 at 63.  The Council found that the VE failed to "provide examples of occupations at less than the full range of the light exertional level that the hypothetical person could perform," and remanded the case for further evaluation of Athy's RFC and the vocational evidence.  *Id*. at 62-63.

Plaintiff argues that the ALJ failed to address the Appeals Council's concerns upon remand because

> . . . the ALJ again presented conflicting hypotheticals to the VE during the most recent hearing.  The ALJ first asked whether there would be light jobs available for a person with a sedentary RFC who could stand and/or walk four out of eight hours.  The VE responded affirmatively.  However, when asked a second time using the exact limitations noted by the Appeals Council, the VE responded only with sedentary jobs, creating a direct conflict in the testimony.  No resolution of that conflict appears in the decision, and no clear explanation was offered as to why jobs at less than the full range of light work would be available or consistent with the claimant's restrictions."

D.E. 12-1 at 4.

This summary inaccurately describes the record.  The hearing testimony shows that the VE specifically provided light work positions that would be available to Athy despite his other limitations.  First, the ALJ asked the VE if a person with a sedentary RFC, except they could stand/walk for four hours in the workday, could also perform some light jobs.  D.E. 9-2 at 55-56.  The VE confirmed that this was possible.  The ALJ asked the VE a hypothetical concerning a person with the same abilities as Athy's RFC, including the ability to walk or stand four of an eight-hour workday.  *Id*. at 56-57.  The VE listed sedentary jobs available to a person with that RFC.  The ALJ then clarified, asking if, considering the Council's remand and Athy's less than light exertional range regarding the stand/walk limitations, there were available light jobs.  Considering Athy's sedentary-level lifting limitations, The VE stated that there were available jobs including cashiers and office helpers.

The record demonstrates that the VE provided responses consistent with the Council's order for remand and Athy's RFC.  Accordingly, the Step 5 determination was supported by substantial evidence and Athy's claim that the VE provided inconsistent testimony is meritless.

6

### B.    Plaintiff's Lifting/Carrying Restrictions

Athy argues that the ALJ's decision was unsupported by substantial evidence because the RFC, and the hypothetical questioning to the VE, do not explicitly address Athy's lifting or carrying limitations.  D.E. 21-1 at 4-5.

Again, this claim is contradicted by the record.  The RFC classifies Athy's exertional limitation, aside from the previously discussed standing/walking capacity, as sedentary.  Pursuant to Social Security Ruling 20 C.F.R. § 404.1567(a), sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  During the hearing, the ALJ explicitly asked the VE to address available jobs in the national economy that both satisfied the less than light work standing/walking limitation and the 10-pound lifting limitation.  D.E. 9-2 at 58-61.  This was specifically addressed again in the ALJ's opinion.  D.E. 9-2 at 28 ("In addition, the vocational expert testified that although the lifting capacity is at the sedentary level, there would be examples of unskilled, SVP 2, light level jobs in the national economy that claimant could perform, and these jobs would be identified as light with a sit/stand option at their discretion: cashier (DOT 211.462-010), 18,000 jobs; office helper (DOT 209.667-014), 11,000 jobs.").

Because the ALJ's Step Five determination was based on testimony from the VE that incorporated Athy's lifting restrictions, Athy's claim that the decision was not based on substantial evidence is meritless.

### IV.    On-Task Limitations

Finally, Athy argues that the ALJ erred by finding that Athy could stay on task despite the limitation that he could only sit in thirty-minute intervals before needing to stand for five minutes.  D.E. 12-1 at 6-7.  Athy contends that the "conclusion is unsupported by substantial evidence and

intrudes into the vocational expert's domain." *Id.* at 6.  His contentions are meritless because the ALJ's finding that Athy can stay on task is supported by substantial evidence and Athy does not provide any legal basis for his claim that the decision "intrudes into the vocational expert's domain."

The ALJ found that Plaintiff has no limitations on his ability to stay on task despite the sitting/standing limitations.  In her opinion, the ALJ stated

> [Plaintiff] reported to his primary provider in January 2024, his joint pain was stable and his gait remained normal (Exhibit B-2F).  Therefore, due to his antalgic gait with medial joint line tenderness in both knees, the undersigned limited him to standing and/or walking four hours total in an eight-hour workday, 30 minutes at a time, sitting six hours total in an eight-hour workday, 30 minutes at a time and then would need to stand for five minutes before returning to sitting but could stay on task . . ."

D.E. 9-2 at 24 (citing D.E. 9-7 at 11-16).  The ALJ later states

> The claimant's representative asked the vocational expert to cite what jobs would remain if the claimant were further limited to more frequent sitting and standing. The vocational expert testified that all jobs would be eroded as this would take some people off task, but not all people.  The undersigned does not adopt this limitation, as not supported by the objective medical evidence of record, as discussed in detail in the body of this decision.

D.E. 9-2 at 28-29.

Beyond noting the lack of insight from the VE, Athy does not argue the ALJ's opinion is otherwise unsupported by the record.  Plaintiff does not address the ALJ's explanation in her opinion or the evidence supporting the ALJ's findings.  *See e.g.*, *id.* at 24-25; 27 (noting that Plaintiff's physical pain appeared to be the primary cause of his depression and applying higher limitations on remembering and carrying out instructions while finding that Plaintiff could concentrate, persist, or maintain pace).  In fact, Athy's counsel asked the VE whether there were jobs available for someone who had to alternate sitting and standing every five minutes.  *Id.* at 62.

The VE answered that even this, much more dramatic, alternation would only take some workers off task depending on the position. *Id.*

Athy has also failed to establish that the ALJ's decision was a procedural error. While Athy points to a Social Security Ruling and case law, he provides no authority for his claim that a VE must make findings related to a claimant's ability to stay on task. Plaintiff argues that the decision is impermissible under Social Security Ruling 96-9p, which states, in relevant part:

> The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It **may** be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

Social Security Ruling 96-9p (emphasis added); *see also* D.E. 12-1 at 6. Here, the ALJ's RFC is specific as to the frequency of Athy's need to alternate between sitting and standing. *See* D.E. 9-2 at 22. During the hearing, the ALJ asked the VE to address the exact limitations included in the RFC. *Id.* at 56-61. The policy does not require, only suggests, that the ALJ consult a vocational resource about these "situations." The referenced policy does not mention, let alone require, the ALJ to ask the vocational resource about the impact on these limitations on the claimant's ability to stay on task.

Plaintiff continues by citing several cases that "illustrate[s] the fundamental principle that hypothetical questions to the VE must reflect the claimant's actual functional capacity, including off-task behavior." D.E. 12-1 at 6-7. However, the four cited cases are clearly distinguishable from Athy's case. In *Bielat v. Comm'r of Soc. Sec.*, the Court found that the ALJ erred in only using vague references to "unskilled" and "low stress" jobs despite having previously found the claimant to have marked limitations in his ability to concentrate. *Bielat v. Comm'r of Soc. Sec.*, 267 F. Supp. 2d 698, 701-02 (E.D. Mich. 2003). Here, the ALJ found that Plaintiff had no limitations on his ability to concentrate and stated as much in the VE questioning. In *Martinez v.*

9

*Comm'r of Soc. Sec.*, the Court found that an ALJ's hypothetical question to the VE was inadequate because it failed to include specific limitations about the claimant's walking/standing ability despite its inclusion in the RFC, causing the VE to identify jobs that were plainly inconsistent with Plaintiff's limitations. *Martinez v. Comm'r of Soc. Sec.*, 602 F. Supp.2d 882, 825-26 (N.D. Ohio 2010). Here, the ALJ included the exact language of her RFC findings, including that Athy could stay on task, in her hypothetical to the VE.

Additionally, Plaintiff's counsel inaccurately describes two other cases. Although the briefing claims that these two cases were remanded based on inadequate inclusion of limitations in hypotheticals to VE, in both cases the Court found the ALJ's hypotheticals to be appropriate and denied the claimant's motions to remand on that ground. *See Bohn-Morton v. Comm'r of Soc. Sec.*, 389 F. Supp. 2d 804; *Jones v. Comm'r of Soc. Sec.*, 392 F. Supp. 831, 843 (M.D. Tenn 2019). In fact, *Jones* affirmed the ALJ's decision as "the hypothetical question upon which the ALJ ultimately rendered her decision accurately represented Plaintiff's credible limitations, the ALJ properly relied on the VE's answer to that hypothetical question to prove the existence of a significant number of jobs in the national economy that Plaintiff could perform." *Jones*, 392 F. Supp. 3d at 857 (citing *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). The same is true in this case. Here, the ALJ's RFC stated that Plaintiff "stand and/or walk four hours total in an eight-hour workday, 30 minutes at a time; sit six hours total in an eight-hour workday, 30 minutes at a time and then would need to stand for five minutes before returning to sitting but could stay on task . . .". D.E. 9-2 at 22. During the hearing, she asked a hypothetical that stated Plaintiff could "sit 30 minutes at one time, and then would need to stand for five minutes before returning to sitting, but could stay on task, if

that's available; sit a total of 6 hours of an 8-hour day . . .." D.E. 9-2 at 56-58. The hypothetical precisely matches the RFC, and as such, the ALJ did not insufficiently question the VE with respect to Plaintiff's limitations.

There is substantial evidence in the record supporting the ALJ's findings on the "on task" limitation, and Athy has not identified any legal requirement that such a finding must be made by the VE. Accordingly, Athy is similarly not entitled to relief on this ground.

**V.      Conclusion**

The Court being sufficiently advised, **IT IS HEREBY ORDERED THAT** the ALJ's decision is **AFFIRMED**. Plaintiff's request to remand (D.E. 12) is **DENIED**. Judgment will be entered in favor of the Commissioner by separate contemporaneous order.

This the 14th day of July, 2026.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge